UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**NORTHERN DIVISION at COVINGTON**

| | |
|---|---|
| ANGELA ROSE BOSWELL, )<br>)<br>    Plaintiff, )<br>)<br>                                     )<br>v.                                   )<br>                                     )<br>CAROLYN W. COLVIN, ACTING            )<br>COMMISSIONER OF SOCIAL               )<br>SECURITY,                            )<br>                                     )<br>    Defendant.                       ) | Civil Case No.<br>2:13-cv-185-JMH<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*

This matter is before the Court upon cross-motions for Summary Judgment [DE 13, 14] on Plaintiff's appeal of the Commissioner's denial of her application for disability insurance benefits. [Tr. 8-21].[1] The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

**I. Overview of the Process and the Instant Matter**

The Administrative Law Judge ("ALJ"), in determining disability, conducts a five-step analysis:

> 1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.
>
> 2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

---

[1] These are not traditional Rule 56 motions for summary judgment. Rather, it is a procedural device by which the parties bring the administrative record before the Court.

> 3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.
>
> 4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work. If the claimant is able to continue to do this previous work, then he is not disabled.
>
> 5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work. If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health & Hum. Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 C.F.R. § 404.1520 (1982)). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled." *Id.* "If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

In the instant matter, the ALJ determined that Plaintiff did not engage in substantial gainful activity during the relevant time period under step one. [Tr. 103]. Under step two, the ALJ found that Plaintiff's degenerative disc disease of the

2

cervical spine and lumbar spine were "severe" as defined by the agency's regulations. [Tr. 104]; 20 CFR § 416.920(c).

During step three of the analysis, the ALJ considered all of Plaintiff's impairments and decided that none of them met the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1. [Tr. 106]. After further review of the record, the ALJ concluded at step four that Plaintiff had a residual functional capacity ("RFC") to perform light work except that Plaintiff could only occasionally climb stairs or ladders, kneel, stoop, crouch, balance, and crawl, and is limited to only occasional exposure to cold extremes, humidity, wetness, and vibrations. [Tr. 106].

The ALJ found that Plaintiff was able to perform her past relevant work as a waitress. [Tr. 112]. Thus, the ALJ determined that Plaintiff is not disabled under the Social Security Act. [Tr. 112].

**II. Standard of Review**

In reviewing the ALJ's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citations omitted). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001)

3

(citations omitted), and whether the ALJ employed the proper legal standards in reaching his conclusion. *See Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286 (citations omitted).

**III. Background**

Plaintiff filed a Title II application for disability and disability insurance benefits as well as a Title XVI application for supplemental security income, alleging total disability beginning on March 10, 2008. [Tr. 102]. Plaintiff was 48 years of age at the alleged disability date, [Tr. 102; 121], and is a high school graduate. [Tr. 38]. Plaintiff has past work experience as a cashier, waitress, and manager. [Tr. 274]. Plaintiff claims she has become disabled and unable to work due to degenerative disc disease and anxiety. [Tr. 272].

Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing, which took place on March 12, 2012. [Tr. 102]. The ALJ heard testimony from Plaintiff and the vocational expert ("VE"), John E. Grenfell. The VE testified that a person with an RFC equivalent to the ALJ's finding for Plaintiff could perform Plaintiff's past work as a waitress and cashier. [Tr. 135].

After considering all the evidence in the administrative record, including the testimony of the plaintiff and the VE, the ALJ issued an unfavorable decision denying disability insurance benefits on April 26, 2012. [Tr. 99]. The Appeals Council denied Plaintiff's request for review on August 13, 2013. [Tr. 1]. Plaintiff has exhausted her administrative remedies, and this case is ripe for review under 42 U.S.C. §§405(g) & 1383(c)(3).

**IV. Analysis**

Plaintiff argues that the ALJ erred (1) by not finding Plaintiff's hand, knee, and hip problems to be severe conditions; (2) by not giving controlling weight to the treating physician's opinion; and (3) in its credibility determination of Plaintiff.

**1. The ALJ did not err in failing to find Plaintiff's hand, knee, and hip problems to be severe at step two.**

The ALJ found Plaintiff's degenerative disc disease of the cervical and lumbar spine to be severe under step two of the analysis. [Tr. 104]. Plaintiff argues the ALJ erred by not including Plaintiff's problems with her left hand, left knee, and left hip as severe. However, whether these problems were listed as "severe" is largely irrelevant because, here, the ALJ found other severe impairments and continued on in the analysis. *See Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008) (finding failure to include some impairments as "severe" was

5

"legally irrelevant," where some severe impairments were found and, therefore, claimant cleared step two and the ALJ would, and must, consider all severe and non-severe impairments later in the analysis) (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). Notably, the ALJ here also considered Plaintiff's severe and non-severe limitations, including Plaintiff's left hand, knee, and hip problems, in its RFC determination. [Tr. 109; 112]. Accordingly, the ALJ's failure to include these problems as severe impairments in step two is not reversible error.

### 2. The ALJ did not err in assigning little weight to the treating physician's opinion.

Plaintiff's treating physician, Dr. Glenn Bichlmeir, opined in a letter on January 12, 2010, that Plaintiff should not continue working as a waitress because she is unable to stand for long periods of time and should not lift, carry, or push anything over five pounds. [Tr. 380]. The ALJ assigned this opinion little weight because it was not consistent with the record as a whole. [Tr. 111]. Plaintiff argues that the ALJ erred in failing to give Dr. Bichlmeir's opinion controlling weight.

"An ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic

6

techniques' and 'not inconsistent with the other substantial evidence in [the] case record.'" *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (quoting 20 C.F.R. § 404.1527(c)(2)). The ALJ may decide not to assign controlling weight to a treating source, but in so doing must provide specific reasons. *Id*.

Here, the ALJ provided specific reasons for not assigning controlling weight to Dr. Bichlmeir's opinion that Plaintiff could not work, namely, that it was not consistent with the record as a whole. [Tr. 111]. This determination is supported by substantial evidence. Plaintiff continued to work part-time after the alleged onset date and she only stopped working because the restaurant went out of business. [Tr. 123-25]. As the ALJ noted, the record contains few physical examination notes by Dr. Bichlmeir. [Tr. 111]. Although MRIs revealed disc disease in the mid and lower lumbar spine, Plaintiff exhibited normal strength in her extremities, [Tr. 364; 368], no neurological defects, [Tr. 364], and no spasms in the back. [Tr. 368]. Additionally, state agency non-examining physician Dr. Allen Dawson, upon review of Plaintiff's file, also concluded that Plaintiff was not disabled and, notably, that Plaintiff was able to stand and/or walk about six hours of an eight hour work day. [Tr. 157-60]. Therefore, the Court finds that the ALJ did

7

not err in weighing the opinion of Plaintiff's treating physician.

**3. The ALJ did not err in its credibility determination of Plaintiff.**

In determining the Plaintiff's credibility related to her pain symptoms, the ALJ noted that she has "undergone very few treatment modalities for her pain symptoms other than this pain medication." [Tr. 110]. The ALJ goes on to note that Plaintiff alleges she cannot afford to see any other treatment provider, but that there is no evidence Plaintiff has been refused treatment because of her inability to pay, nor is there evidence that she has sought out any low cost alternative treatment remedies. Finally, the ALJ notes that Plaintiff can afford to smoke a pack of cigarettes per day. [Tr. 110]. Plaintiff argues that the ALJ erred in stating the claimant had not shown that she attempted to obtain low income healthcare, although this is the end of Plaintiff's argument. She provides no details to support her argument, for instance, no explanation of how Plaintiff has shown she attempted to obtain low income healthcare.[2]

---

[2] The Commissioner suggests, in addition, that Plaintiff may also be attempting to raise some argument related to the ALJ's finding at step five, having cited to the VE's testimony in this portion of her brief. [DE 13 at 13]. The Court cannot identify what argument Plaintiff is making, if any, related to the VE's testimony and, therefore, will not address it here. *See Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 491 (6th Cir. 2006).

"[A] failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, unless a claimant simply has no way to afford or obtain treatment to remedy his condition." *Eastin v. Astrue*, No. 11-86-GWU, 2012 WL 1831265, at *1 (E.D. Ky. May 18, 2012) (citing *Hale v. Sec'y of Health and Human Serv.*, 816 F.2d 1078, 1082 (6th Cir. 1987); *McKnight v. Sullivan*, 927 F.2d 241, 242 (6th Cir. 1990)); see also SSR 96-7p, 1996 WL 374186 at *7-*8 (an ALJ is not permitted to draw inferences about a Plaintiff's failure to seek or pursue treatment without first considering explanations such as being "unable to afford treatment.").

The Court finds that the ALJ appropriately considered Plaintiff's failure to seek medical treatment and the explanations she provided for it, including her ability to pay. The ALJ found them not credible, and provided a reasonable explanation for his conclusion. Thus, the ALJ's reliance on Plaintiff's failure to seek treatment in order to assess her credibility was proper. The Court finds no error.

**V. Conclusion**

Accordingly, for the foregoing reasons, **IT IS ORDERED**:

(1) that Plaintiff's Motion for Summary Judgment [DE 13] be, and the same hereby is, **DENIED**; and

(2) that Defendant's Motion for Summary Judgment [DE 14] be, and the same hereby is, **GRANTED**.

9

This the 14th day of April, 2015.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge